146 February 22, 2024 No. 125

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Athraa AL-MUSAWI,
*Petitioner-Respondent,*
*and*

Ahmed ALAAEDI,
*Respondent-Appellant.*

Lane County Circuit Court
21DR09689; A178018

Stephen W. Morgan, Judge.

Submitted December 1, 2023.

Ahmed Alaaedi filed the brief *pro se.*

No appearance for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Husband appeals from a judgment of dissolution, assigning error to the court's order of a monetary award. The trial court entered the monetary award pursuant to an Islamic marriage contract entered into by husband and wife when the parties were married in 2019. Husband challenges the authenticity of the translated contract and also contends that the trial court erred in relying on the contract because it was not certified by an Iraqi civil court. We affirm.

Husband first argues that the Islamic marriage contract before the trial court was not an accurate English translation. The trial court concluded that the contract was a "true translation of the original document" and found that the contract required husband to pay wife $17,000 upon divorce. As best we understand his argument, husband believes that the original document requires, in the event of divorce, that the initiating party (here, wife) pay the other party approximately $17,000. However, the trial court concluded that husband was not credible, a finding to which we must defer. *Habrat v. Milligan*, 208 Or App 229, 231, 145 P3d 180 (2006). The trial court further concluded that the evidence husband presented was not reliable, a finding that is supported by the record. Moreover, we think that the statement that husband claims that wife inserted—"And the religious rules said it should be an amount of money that he is able to pay and can afford to pay easily"—does not affect the determination of which party is responsible for paying the award. Accordingly, we conclude that any error in relying on wife's translation of the contract was harmless. ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party.").

Next, husband argues that the Islamic marriage contract is not enforceable, because it was not certified in an Iraqi civil court. The Islamic marriage contract was signed by both parties and included negotiated terms for a dowry. Husband does not provide a source for his contention that the contract must be certified by another court, and we are aware of none. *See, e.g.*, *Ravasizadeh v. Niakosari*, 94 Mass App 123, 127, 112 NE3d 807, 812 (2018) (holding that an Islamic marriage contract "may be enforced according

to neutral principles of law" as a "contractual obligation"); *Marriage of Obaidi & Qayoum*, 154 Wash App 609, 616, 226 P3d 787, 790 (2010) (resolving the case by treating the Islamic marriage contract as a "prenuptial agreement[]" and "[a]pplying the neutral principles of contract law").

Finally, to the extent that father is challenging the trial court's spousal support award under ORS 107.105, we are not persuaded that the trial court abused its discretion after reviewing the record. *See Minckler & Minckler*, 306 Or App 414, 420, 474 P3d 425 (2020) (reviewing spousal support award for abuse of discretion).

Affirmed.